IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SMARTFLASH LLC, *et al.*, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 6:13cv447 |
| v. | § § | **JURY TRIAL DEMANDED** |
| APPLE INC., *et al.*, | § § § | |
| Defendants. | § | |
| | § § | |
| SMARTFLASH LLC, *et al.*, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 6:13cv448 |
| v. | § § | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. *et al.*, | § § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The above entitled and numbered civil action was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge ("R&R"), which recommends adoption of the Court's claim construction and denial of Defendants' Motions for Summary Judgment for Invalidity, has been presented for consideration (6:13cv447, Doc. No. 229; 6:13cv448, Doc. No. 270). Defendants filed objections (6:13cv447, Doc. No. 251; 6:13cv448, Doc. Nos. 303, 304) to the R&R.

Defendants' objections assert that the R&R violated the "Federal Circuit's clear directions" by not applying 35 U.S.C. § 112, ¶ 6 to apparatus claims reciting the word "processor." 6:13cv448, Doc. No. 304 at 2 (citing *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 521 F.3d 1328 (holding that under § 112, ¶ 6, a "control means" claim limitation was indefinite because the patent did not disclose an algorithm); *Noah Sys. Inc. v. Intuit Inc.*, 675 F.3d 1302 (holding that under § 112, ¶ 6, an "access means" claim limitation was indefinite because the patent disclosed an algorithm that failed to enable one skilled in the art)); *see also* 6:13cv447 Doc. No. 251 at 5. Additionally, Defendants point out that the R&R did not address the *Personal Audio* case from this District that construed limitations reciting a "processor" as means plus function claims subject to § 112, ¶ 6. 6:13cv448, Doc. No. 304 at 2; 6:13cv447, Doc. No. 251 at 5; *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-cv-111, 2011 WL 11757163 (E.D. Tex. Jan. 30, 2011). The Court addresses Federal Circuit guidance on this issue and the *Personal Audio* case below.

*Federal Circuit Guidance*

Section 112, ¶ 6(now § 112(f)) allows a patentee to claim a "means or step for" a function without reciting structure to support that function, but the "claim shall be construed to cover the corresponding structure . . . described in the specification and equivalents thereof." Accordingly, "[m]eans-plus-function claiming applies only to purely functional limitations that do not provide the structure that performs the recited function." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1311 (Fed. Cir. 2005). Thus, the court must first determine whether the limitation invokes § 112, ¶ 6. *Rodine PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1302 (Fed. Cir. 1999). A limitation that actually uses the word "means"

raises a rebuttable presumption that § 112, ¶ 6 applies. *Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1358 (Fed. Cir. 2004). By contrast, when a claim limitation lacks the term "means," it creates a rebuttable presumption that § 112, ¶ 6 does not apply. *Id.* "The use of the term 'means' is 'central to the analysis,' because the term 'means,' particularly as used in the phrase 'means for,' is 'part of the classic template for functional claim elements,' and has come to be closely associated with means-plus-function claiming." *Id.* (internal citations omitted).

The presumption that §112, ¶ 6 does not apply can be "overcome if the claim fails to recite sufficiently definite structure, or else recites function without sufficient structure for performing that function." *Id.* (internal citation and quotation marks omitted). However, the Federal Circuit has "repeatedly characterized this presumption as 'strong' and 'not readily overcome' and, as such, ha[s] 'seldom' held that a limitation without recitation of 'means' is a means-plus-function limitation." *Apple, Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1297 (Fed. Cir. 2014) (citing *Lighting World*, 382 F.3d at 1358; *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367, 1374 (Fed. Cir. 2012) ("When the claim drafter has not signaled his intent to invoke § 112 ¶ 6 by using the term 'means,' we are unwilling to apply that provision without a showing that the limitation is essentially devoid of anything that can be construed as structure.")). "The correct inquiry, when 'means' is absent from a limitation, is whether the limitation read in light of the remaining claim language, specification, prosecution history, and relevant extrinsic evidence, has sufficiently definite structure to a person of ordinary skill in the art." *Id.* at 1298.

In computer implemented inventions, one of ordinary skill in the art can understand "structure" through an outline of an algorithm, a flowchart, or set of instructions or rules, rather than traditional physical structure. *Id.* (citing *Typhoon Touch Techs., Inc. v. Dell, Inc.*, 659 F.3d 1376, 1385 (Fed. Cir. 2011) ("[T]he patent need only disclose sufficient structure for a person of skill in the field to provide an operative software program for the specified function.")). Section 112, ¶ 6 will not apply to terms "used in common parlance of by persons of ordinary skill in the pertinent art to designate structure." *Lighting World*, 382 F.3d at 1359. Additionally, the Federal Circuit has held that terms such as "detector" and "circuit" are structural terms while generic terms such as "means," "element," and "device" are nonstructural. *Apple*, 757 F.3d at 1299 (citing *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed. Cir. 1998); *Apex Inc. v. Raritan Computer, Inc.*, 325 F.3d 1364, 1373 (Fed. Cir. 2003)). Even if a term covers a broad class of structures and identifies structures by their function, it is sufficient to avoid means-plus-function treatment. *Lighting World*, 382 F.3d at 1360. What is important is whether the term is understood to describe structure and is not simply a substitute for "means for." *Id.*

As a preliminary matter, in two cases cited by Defendants as providing clear directions to the Court, *Aristocrat* and *Noah*, the asserted claims included the term "means." There were no disputes that means-plus-function claim construction applied. Thus, neither case analyzed the presumption against the applicability of § 112, ¶ 6 where a claim does not recite "means."

In *Aristocrat*, the court determined that the specification's disclosure for "control means" of a standard microprocessor with appropriate programming did not sufficiently define the scope of the means-plus-function claim. 521 F.3d at 1331, 1338. Noting its clear applicability because the claim explicitly recited "means," the court applied § 112, ¶ 6, which requires the scope of the claim limitation to be defined by the structure disclosed in the specification plus any equivalents thereof. *Id.* at 1331. The court noted that "[i]n cases in which the inventor has invoked means-plus-function claiming, this court has consistently required that the structure disclosed in the specification be more than simply a general purpose computer or microprocessor." *Id.* at 1333. Additionally, the court stated that allowing the "patentee to claim a means for performing a particular function and then to disclose only a general purpose computer as the structure designed to perform that function amounts to pure functional claiming." *Id.*; *see also Personal Audio,* 2011 WL 11757163, at *22.

Defendants' argument essentially applies *Aristocrat* in reverse. Defendants argue that because "processor" does not adequately define the scope of a means-plus-function limitation, it also cannot describe sufficient structure to avoid means-plus-function treatment when recited in the claim itself. 6:13cv448, Doc. No. 304 at 2; *see also* Doc. No. 177-1 ¶¶ 38–45 (asserting "the identified claims fail[] to disclose sufficient structure" because "the identified claims do not disclose the specialized algorithms that would be required to enable a general purpose processor to perform any of the claimed high-level functions."). However, in light of the Federal Circuit's guidance in *Apple*, Defendants' reasoning fails; *Aristocrat* does not apply here, where the claim is not drafted in means-

5

plus-function format.  *See* 757 F.3d at 1298; *see also Wi-Lan USA, Inc. v. Alcatel-Lucent USA, Inc.*, No. 12-23568-CIV, 2013 WL 4811233, at *40 (S.D. Fla. Sept. 9, 2013).  The standard used to prove sufficient structure to avoid means-function-treatment is not identical to the standard for identifying corresponding structure to a means-plus-function claim.  *See* 757 F.3d at 1298; *see also Wi-Lan*, 2013 WL 4811233, at *40–41.  Similarly, *Noah* does not apply here because it also analyzes the adequacy the specification's disclosure for defining claim scope where a patentee has explicitly invoked means-plus-function claiming.  675 F.3d at 1314–18.  It does not address the standard for overcoming the presumption against means-plus-function treatment.  *Id.*

Defendants' expert report also fails to address the legal requirements for overcoming the presumption against means-plus-function treatment when the claims themselves do not recite the term "means."  In fact, Defendants' expert begins with the presumption that the disputed claims contain "'means-plus-function' terms governed by 35 U.S.C. § 112, ¶6."  Doc. No. 177-1 ¶ 38.  Further, the report states that a processor "available for purchase during the relevant [] time period is designed to interpret and execute instructions that are provided to it as compiled machine code."  *Id.* at ¶ 40.  According to Defendants' expert, even a "general purpose processor" without specific instructions can perform "maintenance functions (like stopping, selftesting, or restarting.)"

Federal Circuit precedent requires only that the claim recite some structure.  *Lighting World*, 382 F.3d at 1359–60.  Although "processor" may not define a specific structure, it describes a class of structures.  *See Apple*, 757 F.3d at 1300 (citing *Personalized Media*, 161 F.3d at 705 (finding that "detector" did not evoke particular

6

structure but conveyed to one knowledgeable in the art the variety of structures known as "detectors"); *Flo Healthcare Solutions, LLC v. Kappos*, 697 F.3d 1367, 1374–75 (Fed. Cir. 2012) (finding that "height adjustment mechanism" designates "a class of structures that are generally understood to persons of skill in the art")). Like "circuit" in *Linear*, "processor" is a structure-connoting term. *See* 379 F.3d at 1320. It is not a generic nonstructural term such as "means," "element," and "device" that typically do not connote sufficient structure. *Apple*, 757 F.3d at 1299–1300. As Defendants' expert noted, a processor can be purchased, can perform certain functions even without specific instructions, and has a design for interpreting and executing instructions. Thus, the term "processor," even on its own, recites at least some structure.

Moreover, the Court must not analyze the term "processor" on its own; limitations should be examined as a whole. *See Wi-Lan*, 2013 WL 4811233, at *42 (citing *Apex*, 325 F.3d at 1372). When a structure connoting term accompanies a description of its operation, sufficient structural meaning is conveyed to persons of ordinary skill in the art. *Linear Tech*, 379 F.3d at 1320 (finding language describing the objective of a "circuit" such as "monitoring a signal" suggested sufficient structure to a person of ordinary skill in the art); *see also Eolas Techs., Inc. v. Adobe Sys., Inc.*, 810 F. Supp. 2d 795, 810 (E.D. Tex. 2011); *Aloft Media, LLC v. Adobe Sys. Inc.*, 570 F. Supp. 2d. 887, 898 (E.D. Tex. 2008), *adopted*, No. 6:07-CV-355, 2008 WL 5784443 (E.D. Tex. Sept. 24, 2008). Additionally, the limitations must be read in light of the "remaining claim language, specification, prosecution history, and relevant extrinsic evidence." *Apple*, 757 F.3d at 1298. "Structure may also be provided by describing the claim limitation's operation such

as its input, output, or connections." *Id.* at 1300. Here, the "processor" terms at issue are coupled to "controlling acess to data" and "implementing . . . code." These accompanying phrases describe the processor's objective and operation. The patents further describe the processor's connections where, in one example, it is "coupled to said non-volatile memory, said program store, said wireless interface, and a user interface . . . ." '772 Patent col. 27:62–63; *see also id.* col 31:5–7 ("a processor coupled to the user interface, to the data carrier interface and to the program store for implementing the stored code . . . ."). Contrary to Defendants' assertions, the patent need not disclose a specific algorithm for performing claimed functions. *Apple*, 757 F.3d at 1298. Accordingly, Defendants failed to overcome the strong presumption that § 112, ¶ 6 does not apply to the "processor" claim limitations, none of which include the term "means."

*Personal Audio*

In *Personal Audio*, another court in this District found that the strong presumption against means-plus-function treatment flowing from the absence of "means" had been rebutted. *Personal Audio,* 2011 WL 11757163, at *21–22. As in this case, the claim limitations recited a "processor." *Id.* However, the reasoning in *Personal Audio* relied heavily on *Aristocrat. Id*. Since *Personal Audio*, the Federal Circuit clarified that "where the claim is not drafted in means-plus-function format, the reasoning in the *Aristocrat* line of cases does not automatically apply, and an algorithm is not necessarily required." *Apple*, 757 F.3d at 1298. The *Aristocrat* reasoning applies where a patentee has expressly invoked means-plus-function claiming to determine whether the patentee has disclosed

sufficient structure to define the scope of such a claim. Accordingly, the analysis of recited structure in *Personal Audio* differs from the Federal Circuit's guidance in *Apple*.

Moreover, *Personal Audio* differs further from this case. In *Personal Audio*, both asserted patents shared a common specification and nearly identical claims were at issue. 2011 WL 11757163, at *1–2, *21–22. The second-issued patent was a divisional of the first-issued patent. *Id.* at *1. The court noted that "[t]he claim terms at issue in the [second-issued] patent are nearly identical to the means-plus-function terms found in the [first-issued] patent, except that 'means for' and 'means responsive' have been replaced with "processor for" and "said processor responds." *Id.* at *21. Accordingly, there was support for finding that the "processer" terms did not describe structure and were simply a substitute for "means for," which overcame the presumption. *See Lighting World*, 382 F.3d at 1360. In this case, "processor" has not simply replaced "means" in otherwise identical claim language between asserted patents. Therefore, *Personal Audio* is even less persuasive in this situation.

*Conclusion*

The R&R's reasoning on the "processor" terms follows Federal Circuit precedent on the strong presumption against applying § 112 ¶ 6 where claims do not recite "means." Defendants cite case law instead addressing the adequacy the specification's disclosure for defining claim scope where a patentee has explicitly invoked means-plus-function claiming. Even though *Personal Audio* is from this District, it does not control here for the

reasons above.[1]  Accordingly, Defendants failed to overcome the presumption against treating the "processor" limitations as means-plus-function claims.

Having also made a *de* novo review of the other objections filed by Defendants, the Court finds that the findings, conclusions, and recommendation of the Magistrate Judge are correct and Defendants' objections are without merit.  Therefore, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, all objections are overruled.

**It is SO ORDERED.**

**SIGNED this 4th day of December, 2014.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[1] Neither does *Robert Bosch, LLC v. Snap-On Inc.,* No. 2014-1040, 2014 WL 5137569, *1 (Fed. Cir. Oct. 14, 2014) apply here.  *Bosch* involved claims reciting "device," a term that the Federal Circuit explicitly recognizes as a non-structural "nonce" word.  *Id.* at 4; *see also* Apple, 757 F.3d at 1299.  Thus, *Bosch's* analysis differs significantly from this case, where "processor" connotes at least some structure, and does not affect the Court's outcome.