IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SMARTFLASH LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | CASE NO. 6:13cv447-JRG-KNM |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| APPLE INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

| | | |
|---|---|---|
| SMARTFLASH LLC, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | CASE NO. 6:13cv448-JRG-KNM |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD. *et al.*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are Apple's and Defendants' Motions for Summary Judgment Regarding No Willful Infringement and No Indirect Infringement (6:13CV447, Doc. No. 267; 6:13CV448, Doc. No. 318) and the Magistrate Judge's Report and Recommendation (6:13CV447. Doc. No. 389; 6:13CV448, Doc. No. 435) recommending that the Motions be denied. Having considered the Objections to the Report and Recommendation Regarding Apple's and Defendants' Motions for Summary Judgment Regarding No Willful Infringement and No Indirect Infringement (6:13CV447, Doc. No. 417, 6:13CV448, Doc. No. 447), and having conducted a *de novo* determination of those portions of the Report and Recommendation as to which objection was made, the Court finds no error in the Magistrate Judge's findings.

To clarify, Defendants point out that the Court stated that patents-in-suit were cited as prior art in a Samsung patent when, instead, Smartflash's patent application was cited. The cited patent application is a prior publication of the earliest patent-in-suit—U.S. Patent No. 7,334,720—shares a nearly identical specification, and includes claims substantially similar to those in the issued patent.[1] Defendants rely on *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985), for the proposition that a patent must exist for one to knowingly infringe it.[2] As Defendants note, knowledge of a patent application is not enough on its own to "establish willfulness." However, knowledge of a patent application is probative evidence of whether Defendants knew or should have known about the likelihood of infringement and may be supplemented by other disputed facts that could support a finding of willfulness by a jury. *E.g. Tomita Technologies USA, LLC v. Nintendo Co.*, No. 11 CIV. 4256, 2012 WL 2524770, at *10 (S.D.N.Y. June 26, 2012); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72, 2010 WL 5140741, at *4 (E.D. Tex. Sept. 27, 2010); *see also DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009). Additionally, that the patent application was cited in the Samsung patent was not the sole reason the Magistrate Judge recommended denial of the summary judgment motion. The Report and Recommendation recognized that Smartflash presented other evidence that may be used to show willfulness, such as disputed facts about Mr. Racz's commercialization discussions with Samsung. Certainly, the distinction between the patents-in-suit and the patent application is insufficient to support granting a motion for summary judgment.

---

[1] All the patents-in-suit share an identical specification, and the cited application issued as a patent four months prior to the Samsung patent.

[2] In *State Industries*, the Federal Circuit further explained:

> A "patent pending" notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

751 F.2d at 1236.

The Court hereby adopts the findings and recommendations of the Magistrate Judge. Accordingly,

IT IS ORDERED that Apple's and Defendants' Motions for Summary Judgment Regarding No Willful Infringement and No Indirect Infringement (6:13CV447, Doc. Nos. 267; 6:13CV448, Doc. No. 318) are DENIED.

**So ORDERED and SIGNED this 13th day of February, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE